UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARS, INC.                                    :

    Plaintiff                           :         Civil Action No. 07-1574(SRC)

v.                                            :
                                                                        ORDER ON INFORMAL
NATRACEUTICAL,                                :         APPLICATION

       This matter having come before the Court as a result of the plaintiff's request for an Order directing the defendants to show cause why certain equitable relief should not be granted and setting deadlines for expedited discovery and briefing;

       and the Court having conducted a telephone conference on the record on April 26, 2007;

       and the Court having considered the arguments and representations of counsel;

       and for the reasons set forth on the record on April 26, 2007;

       and for good cause shown,

       IT IS ON THIS 26th day of April 2007

       ORDERED that the plaintiff's request for expedited discovery and a briefing schedule [Docket Nos. 5 and 8] is granted;

       IT IS FURTHER ORDERED that, no later than **May 10, 2007**, plaintiff shall advise defendant Natra US whether or not it intends to pursue its claims against Natra US;

       IT IS FURTHER ORDERED that the defendants shall Answer, move, or otherwise respond no later than **May 17, 2007**;

       IT IS FURTHER ORDERED that Rule 26 disclosures shall be exchanged no later than **May 30, 2007**. Such disclosures are not limited to issues related to the request for a preliminary injunction but rather should cover all claims and defenses;

IT IS FURTHER ORDERED that the parties may serve no more than five interrogatories and document demands in connection with the request for the preliminary injunction no later than **May 18, 2007**. All responses shall be provided no later than **June 5, 2007**;

IT IS FURTHER ORDERED Counsel shall confer in a good faith attempt to informally resolve any discovery disputes <u>before</u> seeking the Court's intervention. If the dispute arises at a deposition, the parties shall contact the Chambers of the Undersigned during the deposition. Otherwise, if informal efforts fail to resolve the dispute, then no later than **June 23, 2007**, the parties shall submit a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute;

IT IS FURTHER ORDERED that all affirmative expert reports needed in connection with the request for the preliminary injunction shall be disclosed no later than **June 28, 2007**;

IT IS FURTHER ORDERED that all responsive expert reports needed in connection with the request for the preliminary injunction shall be disclosed no later than **July 20, 2007**;

IT IS FURTHER ORDERED that all fact and expert depositions needed in connection with the request for the preliminary injunction shall be completed no later than **August 3, 2007**. The parties shall prioritize the fact depositions that their respective experts need to provide their reports by the deadlines set forth herein;

IT IS FURTHER ORDERED that the opposition to the request for the preliminary injunction shall be submitted no later than **August 13, 2007** and the reply brief shall be submitted

no later than **August 20, 2007**;

IT IS FURTHER ORDERED that the date for the preliminary injunction hearing shall be set by the Hon. Stanley R. Chesler;

IT IS FURTHER ORDERED that there shall be a Rule 16 conference before the Undersigned on **September 25, 2007 at 9:30 a.m.** This conference shall proceed even if the request for a preliminary injunction is still pending,[1]; and

IT IS FURTHER ORDERED that all parties shall preserve all documents and relevant evidence, in whatever form it exists, relevant to the claims and defenses in this case.

s/Patty Shwartz  
**United States Magistrate Judge**

---

[1] During the telephone conference, the Court had stated that it would adjourn the date for the Rule 16 conference if the preliminary injunction hearing had not been completed by the date for the conference. The Court has reconsidered this decision and determined that the conference shall proceed on that date regardless of the status of the preliminary injunction hearing. The hearing will not resolve all disputes and the parties are being given the next four months to focus on the preliminary injunction and should be prepared to proceed to the next steps of the litigation promptly upon the completion of the discovery and briefing for that hearing.