**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**LITE DEPALMA GREENBERG & RIVAS, LLC**
Allyn Z. Lite
Michael Patunas
Two Gateway Center, 12th Floor
Newark, NJ 07102
Tel. 973-623-3000
Fax 973-623-1190

**SUGHRUE MION, PLLC**
Mark Boland
Raja Saliba
Michael Dzwonczyk
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel. (202) 293-7060
Fax (202) 293-7860

*Attorneys for Defendant*
*Natraceutical, S.A.*

| MARS, INC.                                   |                                   |
|----------------------------------------------|-----------------------------------|
|       Plaintiff, |                                   |
| v.                                           |                                   |
| NATRACEUTICAL, S.A.                          |                                   |
|       Defendant. | Civil Action No. 02:07-01574 (SRC) |
| NATRACEUTICAL, S.A.                          |                                   |
|       Counter-Plaintiff, |                         |
| v.                                           |                                   |
| MARS, INC.                                   |                                   |
|       Counter-Defendant. |                         |

**ANSWER, DEFENSES, COUNTERCLAIMS AND JURY DEMAND**

Defendant, NATRACEUTICAL, S.A. ("NATRACEUTICAL") hereby responds to the Complaint of Plaintiff MARS, INC. ("MARS") as follows:

143550 v1

## PARTIES

1. Based on MARS' representation in the Complaint, NATRACEUTICAL admits the allegations of paragraph 1 of the Complaint. However, on information and belief, Mars' corporate headquarters is located in McLean, Virginia, and Mars has other locations with information relevant to this lawsuit.

2. NATRACEUTICAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies such allegations.

3. NATRACEUTICAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies such allegations.

4. NATRACEUTICAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies such allegations.

5. NATRACEUTICAL admits that Natraceutical, S.A. is a company existing under the laws of Spain, with its principal place of business located at Autovia A3, Exit 343, Cami de Torrent, s/n. 46930 Quart de Poblet, Valencia, Spain. NATRACEUTICAL is part of Natra S.A. NATRACEUTICAL further admits that it is engaged in extracting active compounds from natural products and that it has sold, or offered for sale, certain CocoanOX products in the United States. NATRACEUTICAL denies the remaining allegations of paragraph 5.

6. NATRACEUTICAL admits that Natra U.S., Inc. is a Delaware corporation, with offices in New Jersey and California. NATRACEUTICAL denies the remaining allegations of paragraph 6.

7. The allegations of paragraph 7 of the Complaint are so general that NATRACEUTICAL cannot admit that they are true as to every trade show, and therefore NATRACEUTICAL denies such allegations.

8. NATRACEUTICAL admits that it, and Natra U.S., market certain products at various trade shows in the United States. NATRACEUTICAL has agreed to refrain from marketing CocoanOX products at the IFT Trade Show this summer, without prejudice to asserting that any such CocoanOX products do not infringe any claim of the asserted '753 and '966 patents. NATRACEUTICAL denies the remaining allegations of paragraph 8.

## NATURE OF THE CASE

9. NATRACEUTICAL is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint that Mars has obtained more than 30 patents resulting from its work on cocoa polyphenols, with many related to cocoa powder and extract products, or that Mars has been the leader in developing a market for cocoa polyphenol products and in educating the public of the benefits of cocoa polyphenols, and therefore denies such allegations. NATRACEUTICAL denies the remaining allegations in paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. NATRACEUTICAL admits that MARS purports to bring this action under Title 35, U.S.C. §100 et seq. for patent infringement, and that this Court has subject matter jurisdiction under Title 28 U.S.C. §§1331, 1332 and 1338(a).

11. NATRACEUTICAL admits that venue is proper for purposes of this action only and does not contest personal jurisdiction for purposes of this action only. NATRACEUTICAL denies the remaining allegations in paragraph 11.

12. NATRACEUTICAL denies the allegations of paragraph 12.

## PATENT INFRINGEMENT OF U.S. PATENT NOS. 6,790,966 AND 6,312,753

13. NATRACEUTICAL re-asserts its response to paragraphs 1-12 as if fully set forth herein.

14. NATRACEUTICAL admits that a copy of the '966 patent, entitled "Cocoa Extracts Containing Solvent Derived Cocoa Polyphenols From Defatted Cocoa Beans" was attached to the Complaint as Exhibit A.  NATRACEUTICAL further admits that the issue date set forth on the face of the '966 patent is September 14, 2004.  NATRACEUTICAL denies that the '966 patent was duly and lawfully issued by the United States Patent & Trademark Office ("PTO").  NATRACEUTICAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore denies such allegations.

15. NATRACEUTICAL admits that a copy of the '753 patent, entitled "Cocoa Components, Edible Products Having Enriched Polyphenol Content, Methods of Making Same And Medical Uses" was attached to the Complaint as Exhibit B.  NATRACEUTICAL further admits that the issue date set forth on the face of the '753 patent is November 6, 2001.  NATRACEUTICAL denies that the '753 patent was duly and lawfully issued by the United States Patent & Trademark Office ("PTO").  NATRACEUTICAL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies such allegations.

16. NATRACEUTICAL denies the allegations of paragraph 16.

17. NATRACEUTICAL admits that it has sold certain CocoanOX products to Mars, and that CocoanOX products are available for purchase, and certain ones have been purchased, in the United States.  NATRACEUTICAL denies the remaining allegations of paragraph 17.

18. NATRACEUTICAL denies that it received notice of the '966 patent or the '753 patent from MARS prior to service of this lawsuit. To the extent understood, NATRACEUTICAL denies the remaining allegations of paragraph 18.

19. NATRACEUTICAL denies the allegations of paragraph 19.

20. NATRACEUTICAL denies the allegations of paragraph 20.

21. NATRACEUTICAL denies the allegations of paragraph 21.

## MARS' PRAYER FOR RELIEF

NATRACEUTICAL denies that MARS is entitled to any aspect of the judgment it seeks.

## DEFENSES

NATRACEUTICAL asserts the following defenses, reserving the right to supplement or amend these defenses as discovery proceeds.

### First Defense

22. NATRACEUTICAL has not infringed, does not infringe and has not induced infringement or contributed to infringement of any claim of the '966 patent.

23. NATRACEUTICAL has not infringed, does not infringe and has not induced infringement or contributed to infringement of any claim of the '753 patent.

### Second Defense

24. Each and every claim of the '966 patent is invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including, but not limited to, the failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

25. Each and every claim of the '753 patent is invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including, but not limited to, the failure to

comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Defense

26.     Each and every claim of the '966 patent is invalid for failing to meet judicially-created requirements for patentability and enforceability of patents.

27.     Each and every claim of the '753 patent is invalid for failing to meet judicially-created requirements for patentability and enforceability of patents.

### Fourth Defense

28.     MARS is estopped from asserting any scope for one or more of the claims of the '966 patent which would cover any NATRACEUTICAL product because of amendments, representations, assertions, disclaimers and/or admissions made during the course of proceedings in the United States Patent and Trademark Office ("PTO") during prosecution of the applications leading to the issuance of the '966 patent ("the '966 patent application") and during the prosecution of predecessor and related applications in the '966 patent family and other MARS patents/applications and foreign counterparts of any such applications or patents, including, but not limited to, an assertion of infringement based on the doctrine of equivalents and based on prosecution history estoppel.

29.     MARS is estopped from asserting any scope for one or more of the claims of the '753 patent which would cover any NATRACEUTICAL product because of amendments, representations, assertions, disclaimers and/or admissions made during the course of proceedings in the United States Patent and Trademark Office ("PTO") during prosecution of the applications leading to the issuance of the '753 patent ("the '753 patent application") and during the prosecution of predecessor and related applications in the '753 patent family and other MARS patents/applications and foreign counterparts of any such applications or patents, including, but

not limited to, an assertion of infringement based on the doctrine of equivalents and based on prosecution history estoppel.

### Fifth Defense

30.     MARS is estopped from construing the claims of the '966 patent to cover and include any NATRACEUTICAL product, including the accused products.

31.     MARS is estopped from construing the claims of the '753 patent to cover and include any NATRACEUTICAL product, including the accused products.

### Sixth Defense

32.     MARS is barred under 35 U.S.C. § 287 from recovering damages for any alleged act of infringement by NATRACEUTICAL that occurred prior to actual notice of alleged infringement of the '966 patent from MARS.

33.     MARS is barred under 35 U.S.C. § 287 from recovering damages for any alleged act of infringement by NATRACEUTICAL that occurred prior to actual notice of alleged infringement of the '753 patent from MARS.

### Seventh Defense

34.     MARS is equitably estopped from asserting claims for infringement of the '966 patent against NATRACEUTICAL.

35.     MARS is equitably estopped from asserting claims for infringement of the '753 patent against NATRACEUTICAL.

### PRAYER FOR RELIEF

WHEREFORE, NATRACEUTICAL prays that this Court will:

(a)     Dismiss the Complaint with prejudice and each and every Prayer for Relief contained therein;

(b) Award NATRACEUTICAL its costs and expenses in defending the action;

(c) Find that this is an exceptional case under 35 U.S.C. § 285 and award NATRACEUTICAL its attorneys' fees, pursuant to 35 U.S.C. § 285;

(d) Grant a judgment in favor of NATRACEUTICAL that it has not and does not infringe the '966 patent or has not otherwise performed any acts that violate 35 U.S.C. § 271;

(e) Grant a judgment in favor of NATRACEUTICAL that it has not and does not infringe the '753 patent or has not otherwise performed any acts that violate 35 U.S.C. § 271;

(f) Grant a judgment that the '966 patent is invalid, void and/or unenforceable;

(g) Grant a judgment that the '753 patent is invalid, void and/or unenforceable;

(h) Grant a judgment that NATRACEUTICAL is not liable for any infringement of the '966 patent;

(i) Grant a judgment that NATRACEUTICAL is not liable for any infringement of the '753 patent; and

(j) Grant such further and other relief as this Court deems just and proper.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim-Plaintiff NATRACEUTICAL, for its counterclaims for declaratory judgment against Counterclaim-Defendant MARS, states as follows:

### THE PARTIES

36. NATRACEUTICAL is a company existing under the laws of Spain, with its principal place of business located at Autovia A3, Exit 343, Cami de Torrent, s/n. 46930 Quart de Poblet, Valencia, Spain.

37. Upon information and belief, MARS is a Delaware corporation, having a place of

business at 800 High Street, Hackettstown, New Jersey 07840, and having corporate headquarters in McLean, Virginia.

## JURISDICTION AND VENUE

38.     Counts I and II set forth below arise under the provisions of the Declaratory Relief Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, to declare the rights and legal relations of the parties.  An actual, justiciable controversy exists between NATRACEUTICAL and MARS, arising from MAR's accusation that NATRACEUTICAL has committed certain acts of patent infringement.

39.     Venue and jurisdiction over MARS are properly conferred by virtue of, *inter alia*, MARS having filed the Complaint in this judicial District.

40.     This Court has original and exclusive subject matter jurisdiction over the counterclaims asserted in Counts I and II pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1338.

## BACKGROUND

41.     MARS has charged NATRACEUTICAL with infringing the '966 patent and the '753 patent in a Complaint filed with this Court on April 3, 2007.

42.     NATRACEUTICAL denies the charge of infringement, and further alleges that the '966 patent and the '753 patent are invalid.  Thus, an actual justiciable controversy exists between MARS and NATRACEUTICAL as to the infringement and validity of the '966 patent and the '753 patent.

43.     For more than sixty years, NATRACEUTICAL and its predecessors in interest have been involved in the research and development of innovative compounds, including the manufacture and supply of cocoa and cocoa products to clients around the world.  Research, development and innovation are high-priority activities for NATRACEUTICAL, which has

allowed NATRACEUTICAL to position itself as a leader in the world-wide market of ingredients, including cocoa and cocoa products.

44. Over the years, NATRACEUTICAL has engaged in many research, development and innovation projects. At present, NATRACEUTICAL successfully commercializes many innovative products, including cocoa-related products. NATRACEUTICAL has obtained worldwide patents covering various aspects of this research and development work, and others are pending.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

45. NATRACEUTICAL reasserts Paragraphs 1-44 as if fully set forth herein.

46. No cocoa product manufactured by NATRACEUTICAL, including the accused products, literally infringes any claim of the '966 patent.

47. No cocoa product manufactured by NATRACEUTICAL, including the accused product, literally infringes any claim of the '753 patent.

48. No cocoa product manufactured by NATRACEUTICAL, including the accused products, infringes any claim of the '966 patent under the doctrine of equivalents.

49. No cocoa product manufactured by NATRACEUTICAL, including the accused products, infringes any claim of the '753 patent under the doctrine of equivalents

50. NATRACEUTICAL has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products that infringe the '966 patent or otherwise committed any act in violation of 35 U.S.C. §271 with respect to the '966 patent.

51. NATRACEUTICAL has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products that infringe the '753 patent or otherwise committed any act in violation of 35 U.S.C. §271 with respect to the '753 patent.

52. Because of the proceedings in the PTO during the prosecution of the '966 patent application including predecessor and related applications, including narrowing amendments and arguments submitted to distinguish the application claims from prior art to obtain the '966 patent, MARS is estopped from contending that the claims of the '966 patent can be interpreted to cover any NATRACEUTICAL products, including the accused products.

53. MARS is estopped from construing the claims of the '966 patent to cover and include any NATRACEUTICAL product, including the accused products.

54. MARS cannot legally recapture any subject matter relinquished by amendment or argument during prosecution of the '966 patent application, and predecessor and related applications.

55. Because of the proceedings in the PTO during the prosecution of the '753 patent application including predecessor and related applications, including narrowing amendments and arguments submitted to distinguish the application claims from prior art to obtain the '753 patent, MARS is estopped from contending that the claims of the '753 patent can be interpreted to cover any NATRACEUTICAL products, including the accused products.

56. MARS is estopped from construing the claims of the '753 patent to cover and include any NATRACEUTICAL product, including the accused products.

57. MARS cannot legally recapture any subject matter relinquished by amendment or argument during prosecution of the '753 patent application, and predecessor and related applications.

58. This case is an exceptional case under 35 U.S.C. § 285.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

59. NATRACEUTICAL reasserts Paragraphs 1-58 as if fully contained herein.

60. Each and every claim of the '966 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States patent laws, Title 35 U.S.C. §101 *et seq.*, including but not limited to §§ 102, 103, and/or 112.

61. Each and every claim of the '753 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States patent laws, Title 35 U.S.C. §101 *et seq.*, including but not limited to §§ 102, 103, and/or 112.

62. This case is an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, NATRACEUTICAL prays that this Court will:

(a) Grant a judgment that NATRACEUTICAL has not and does not infringe the '966 patent or has not otherwise performed any acts that violate 35 U.S.C. § 271;

(b) Grant a judgment that NATRACEUTICAL has not and does not infringe the '753 patent or has not otherwise performed any acts that violate 35 U.S.C. § 271;

(c) Grant a judgment that the '966 patent is invalid, void and unenforceable;

(d) Grant a judgment that the '753 patent is invalid, void and unenforceable;

(e) Award NATRACEUTICAL its costs and expenses;

(f) Grant a judgment that this is an exceptional case under 35 U.S.C. § 285 and award NATRACEUTICAL its attorneys' fees pursuant to that section; and

(g) Award NATRACEUTICAL such further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues triable by jury.

Dated: May 17, 2007 **LITE DEPALMA GREENBERG & RIVAS, LLC**

By: /s/ Michael E. Patunas
Allyn Z. Lite
Michael E. Patunas
Two Gateway Center, 12th Floor
Newark, NJ 07102
Tel. 973-623-3000
Fax 973-623-1190

**SUGHRUE MION, PLLC**
Mark Boland
Raja Saliba
Michael Dzwonczyk
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: 202-293-7060
Facsimile: 202-293-7860

*Attorneys for Defendant*
*Natraceutical, S.A.*