## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, BAIN, GILFILLAN,
  CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, NJ  07068
Telephone:  973.994.1700
Facsimile:  973.994.1744

Kenneth J. Jurek
Daniel N. Christus
Stephen T. Scherrer
Linda A.O. Lamberson
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois  60606-5096
Telephone:  312.372.2000
Facsimile:  312.984.7700

ATTORNEYS FOR MARS, INC.

| | |
|---|---|
| MARS, INC., <br><br>     Plaintiff and <br>     Counterclaim-Defendant, <br><br> vs. <br><br> NATRACEUTICAL, S.A., <br><br>     Defendant and <br>     Counterclaim-Plaintiff. | Civil Action No. 2:07-CV-1574 (SRC) <br><br> **PLAINTIFF AND COUNTERCLAIM-DEFENDANT MARS, INC.'S REPLY TO COUNTERCLAIMS OF DEFENDANT AND COUNTERCLAIM-PLAINTIFF NATRACEUTICAL, S.A.** |

Plaintiff and Counterclaim-Defendant Mars, Inc. ("Mars") hereby states as its reply to the

counterclaims of Defendant and Counterclaim-Plaintiff Natraceutical, S.A. ("Natraceutical") as

follows:

Dockets.Justia.com

## THE PARTIES

36.    NATRACEUTICAL is a company existing under the laws of Spain, with its principal place of business located at Autovia A3, Exit 343, Cami de Torrent, s/n. 46930 Quart de Poblet, Valencia, Spain.

**ANSWER:**  Based on Natraceutical's representation in its Answer, Defenses, Counterclaims and Jury Demand, and based on publicly available information at this time, Mars admits the allegations of paragraph 36.

37.    Upon information and belief, MARS is a Delaware corporation, having a place of business at 800 High Street, Hackettstown, New Jersey 07840, and having corporate headquarters in McLean, Virginia.

**ANSWER:**  Mars admits the allegations of paragraph 37.

## JURISDICTION AND VENUE

38.    Counts I and II set forth below arise under the provisions of the Declaratory Relief Act, 28 U.S.C. § 2201, *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, to declare the rights and legal relations of the parties.  An actual, justiciable controversy exists between NATRACEUTICAL and MARS, arising from MAR's accusation that NATRACEUTICAL has committed certain acts of patent infringement.

**ANSWER:**  Mars admits that Natraceutical purports to bring these counterclaims under the provisions of the Declaratory Relief Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*  Mars admits that an actual, justiciable controversy exists between Natraceutical and Mars arising from Mars' accusation that Natraceutical has committed certain acts of patent infringement.

39.    Venue and jurisdiction over MARS are properly conferred by virtue of, *inter alia*, MARS having filed the Complaint in this judicial District.

**ANSWER:**  Mars admits that venue and jurisdiction over Mars are properly conferred by virtue of, *inter alia*, Mars having filed the Complaint in this judicial district.

40.    This Court has original and exclusive subject matter jurisdiction over the counterclaims asserted in Counts I and II pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

**ANSWER:** Mars admits that this Court has original and exclusive subject matter jurisdiction over the counterclaims asserted in Counts I and II pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

## BACKGROUND

41.    MARS has charged NATRACEUTICAL with infringing the '966 patent and the '753 patent in a Complaint filed with this Court on April 3, 2007.

**ANSWER:** Mars admits that Mars has charged Natraceutical with infringing the '966 patent and the '753 patent in a Complaint filed with this Court on April 3, 2007.

42.    NATRACEUTICAL denies the charge of infringement, and further alleges that the '966 patent and the '753 patent are invalid. Thus, an actual justiciable controversy exists between MARS and NATRACEUTICAL as to the infringement and validity of the '966 patent and the '753 patent.

**ANSWER:** Mars admits that Natraceutical denies the charge of infringement and that Natraceutical further alleges that the '966 patent and the '753 patent are invalid. Mars admits that Natraceutical's answer creates an actual justiciable controversy between Mars and Natraceutical as to infringement and validity.

43.    For more than sixty years, NATRACEUTICAL and its predecessors in interest have been involved in the research and development of innovative compounds, including the manufacture and supply of cocoa and cocoa products to clients around the world. Research, development and innovation are high-priority activities for NATRACEUTICAL, which has allowed NATRACEUTICAL to position itself as a leader in the world-wide market of ingredients, including cocoa and cocoa products.

**ANSWER:** Mars is without knowledge or information sufficient to form a belief as to the allegations of paragraph 43 and therefore denies them.

44.    Over the years, NATRACEUTICAL has engaged in many research, development and innovation projects. At present, NATRACEUTICAL successfully commercializes many innovative products, including cocoa-related products. NATRACEUTICAL has obtained worldwide patents covering various aspects of this research and development work, and others are pending.

**ANSWER:** Mars is without knowledge or information sufficient to form a belief as to the allegations of paragraph 44 and therefore denies them.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

45.    NATRACEUTICAL reasserts Paragraphs 1-44 as if fully set forth herein.

**ANSWER:** Mars reasserts and incorporates herein by reference the answers to paragraphs 36-44 as if fully contained herein. Further, Mars denies the allegations contained in the affirmative defenses of paragraphs 22-35 of Natraceutical's Answer, Defenses, Counterclaims and Jury Demand incorporated by Natraceutical in this paragraph 45 and also incorporates herein by reference the allegations set out in paragraphs 1-21 of Mars' Complaint as its response to paragraphs 1-21 of Natraceutical's Answer, Defenses, Counterclaims and Jury Demand, also incorporated in this paragraph 45.

46.    No cocoa product manufactured by NATRACEUTICAL, including the accused products, literally infringes any claim of the '966 patent.

**ANSWER:** Mars denies the allegations in paragraph 46.

47.    No cocoa product manufactured by NATRACEUTICAL, including the accused product, literally infringes any claim of the '753 patent.

**ANSWER:** Mars denies the allegations in paragraph 47.

48.    No cocoa product manufactured by NATRACEUTICAL, including the accused products, infringes any claim of the '966 patent under the doctrine of equivalents.

**ANSWER:** Mars denies the allegations in paragraph 48.

49.    No cocoa product manufactured by NATRACEUTICAL, including the accused products, infringes any claim of the '753 patent under the doctrine of equivalents.

**ANSWER:** Mars denies the allegations in paragraph 49.

50.    NATRACEUTICAL has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products that infringe the '966 patent or otherwise committed any act in violation of 35 U.S.C. § 271 with respect to the '966 patent.

**ANSWER:** Mars denies the allegations in paragraph 50.

51.    NATRACEUTICAL has not manufactured, used, sold, or offered for sale in the United States, or imported into the United States, any products that infringe the '753 patent or otherwise committed any act in violation of 35 U.S.C. §271 with respect to the '753 patent.

**ANSWER:**  Mars denies the allegations in paragraph 51.

52.    Because of the proceedings in the PTO during the prosecution of the '966 patent application including predecessor and related applications, including narrowing amendments and arguments submitted to distinguish the application claims from prior art to obtain the '966 patent, MARS is estopped from contending that the claims of the '966 patent can be interpreted to cover any NATRACEUTICAL products, including the accused products.

**ANSWER:**  Mars denies the allegations in paragraph 52.

53.    MARS is estopped from construing the claims of the '966 patent to cover and include any NATRACEUTICAL product, including the accused products.

**ANSWER:**  Mars denies the allegations in paragraph 53.

54.    MARS cannot legally recapture any subject matter relinquished by amendment or argument during prosecution of the '966 patent application, and predecessor and related applications.

**ANSWER:**  Mars denies the allegations in paragraph 54.

55.    Because of the proceedings in the PTO during the prosecution of the '753 patent application including predecessor and related applications, including narrowing amendments and arguments submitted to distinguish the application claims from prior art to obtain the '753 patent, MARS is estopped from contending that the claims of the '753 patent can be interpreted to cover any NATRACEUTICAL products, including the accused products.

**ANSWER:**  Mars denies the allegations in paragraph 55.

56.    MARS is estopped from construing the claims of the '753 patent to cover and include any NATRACEUTICAL product, including the accused products.

**ANSWER:**  Mars denies the allegations in paragraph 56.

57.    MARS cannot legally recapture any subject matter relinquished by amendment or argument during prosecution of the '753 patent application, and predecessor and related applications.

**ANSWER:**  Mars denies the allegations in paragraph 57.

58.    This case is an exceptional case under 35 U.S.C. § 285.

**ANSWER:**  Mars denies the allegations in paragraph 58.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

59.    NATRACEUTICAL reasserts Paragraphs 1-58 as if fully contained herein.

**ANSWER:** Mars reasserts the answers to paragraphs 36-58 as if fully contained herein. Further, Mars denies the affirmative defenses in paragraphs 22-35 of Natraceutical's Answer, Defenses, Counterclaims and Jury Demand and incorporates herein by reference the allegations set out in paragraphs 1-21 of Mars' Complaint as its response to paragraphs 1-21 of Natraceutical's Answer, Defenses, Counterclaims and Jury Demand, also incorporated in this paragraph 59.

60.    Each and every claim of the '966 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States patent laws, Title 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 102, 103, and/or 112.

**ANSWER:** Mars denies the allegations in paragraph 60.

61.    Each and every claim of the '753 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States patent laws, Title 35 U.S.C. §101 *et seq.*, including but not limited to §§ 102, 103, and/or 112.

**ANSWER:** Mars denies the allegations in paragraph 61.

62.    This case is an exceptional case under 35 U.S.C. § 285.

**ANSWER:** Mars denies the allegations in paragraph 62.

## PRAYER FOR RELIEF

WHEREFORE, Mars denies that Natraceutical is entitled to any of the relief it requests. Further, Mars prays for a judgment that Counts I and II of Natraceutical's Counterclaims be dismissed with prejudice. Mars also requests that it be awarded its attorneys' fees, this being an exceptional case, and that it be awarded the relief prayed for in its complaint.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Mars demands a trial by jury on all issues triable by jury.

DATED: June 6, 2007

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

By:    /s/ Melissa E. Flax
       MELISSA E. FLAX

and

KENNETH J. JUREK
McDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606-5096

ATTORNEYS FOR MARS, INC.

## CERTIFICATE OF SERVICE

Kenneth J. Jurek, an attorney, hereby certifies that a copy of the foregoing **PLAINTIFF AND COUNTERCLAIM-DEFENDANT MARS, INC.'S ANSWER TO COUNTERCLAIMS OF DEFENDANT AND COUNTERCLAIM-PLAINTIFF NATRACEUTICAL, S.A.** was served by e-mail and overnight delivery this 6th day of June, 2007 upon:

> Mark Boland
> Raja N. Saliba
> Michael R. Dzwonczyk
> SUGHRUE MION, PLLC
> 2100 Pennsylvania Ave., NW
> Washington, D.C.  20037
>
> Allyn Z. Lite
> Michael E. Patunas
> Jason E. Macias
> LITE, DEPALMA, GREENBERG & RIVAS, LLC
> Two Gateway Center, 12th Floor
> Newark, NJ  07102-5003


_____/s/_____ Melissa E. Flax_____
MELISSA E. FLAX