# EXHIBIT A

Dockets.Justia.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Allyn Z. Lite
Michael Patunas
LITE DEPALMA GREENBERG & RIVAS, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102
Tel. 973-623-3000
Fax 973-623-1190

Mark Boland
Gordon Kit
Raja Saliba
Michael R. Dzwonczyk
SUGHRUE MION, PLLC
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel. (202) 293-7060
Fax (202) 293-7860

*Attorneys for Defendant*
Natraceutical, S.A.

| | |
|---|---|
| MARS, INC.<br>                Plaintiff,<br>   v.<br>NATRACEUTICAL, S.A.<br>                Defendant.<br>NATRACEUTICAL, S.A.<br>               Counter-Plaintiff,<br>   v.<br>MARS, INC.<br>              Counter-Defendant. | Case No. 02:07-CV-01574<br>**NATRACEUTICAL'S RESPONSES**<br>**AND OBJECTIONS TO PLAINTIFF**<br>**MARS, INC.'S INTERROGATORIES**<br>**TO DEFENDANT NATRACEUTICAL**<br>**S.A. REGARDING PRELIMINARY**<br>**INJUNCTION ISSUES** |

     Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Natraceutical S.A.

("NATRACEUTICAL") by its attorneys, hereby answer Plaintiff Mars, Inc.'s ("MARS")

**CONTAINS NATRACEUTICAL HIGHLY**
**CONFIDENTIAL INFORMATION**
**OUTSIDE COUNSEL EYES ONLY**

1

Interrogatories to Defendant Natraceutical S.A. Regarding Preliminary Injunction Issues (the "Interrogatories") as follows:

## PRELIMINARY STATEMENT

NATRACEUTICAL's General Objections to the Interrogatories are set forth below. These General Objections are incorporated by reference into each of NATRACEUTICAL's responses and, where applicable, to the Definitions and Instructions, as though fully restated therein. NATRACEUTICAL answers the Interrogatories based on its present knowledge, the documents and things presently in its possession, and the analysis it has now completed, and NATRACEUTICAL reserves the right to later supplement or amend its answers and objections to these Interrogatories. NATRACEUTICAL also reserves the right to use subsequently discovered documents in depositions, at trial and in support of or opposition to any motion.

The assertion of additional specific objections to particular Interrogatories shall not be construed as waiving any applicable General Objection.

## GENERAL OBJECTIONS

The following general objections are made to each and every Definition or Instruction applicable to the Interrogatories, and to each and every Interrogatory, irrespective of whether they are stated specifically in response thereto:

1.    NATRACEUTICAL objects to each and every Interrogatory to the extent that the Interrogatory seeks disclosure of information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity, including but not limited to the common interest doctrine. To the extent that any such privileged

or protected information is disclosed, such disclosure will have been inadvertent and not intended as, nor should it be deemed to be, a waiver of any privilege or protection.

    2.       NATRACEUTICAL objects to each and every Interrogatory to the extent that the Interrogatory seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence, and to the extent that the Interrogatories call for information beyond the scope of required disclosure pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure. In responding to each Interrogatory, NATRACEUTICAL will answer only to the extent that the Interrogatory is proper in scope. NATRACEUTICAL will not answer any Interrogatory or portion thereof that is not relevant to an issue in this case, that is unreasonably broad in scope from a temporal and/or subject matter perspective and therefore overly broad and unduly burdensome, or that is not reasonably calculated to lead to the discovery of relevant or admissible evidence.

    3.       NATRACEUTICAL objects to each and every Interrogatory to the extent that the Interrogatory seeks information that is beyond the scope of MARS' Preliminary Injunction Motion papers, including the Memorandum in Support of Its Application for An Order to Show Cause For Preliminary Injunction ("MARS' Preliminary Injunction Papers") filed on April 12, 2007 or not reasonably calculated to lead to the discovery of relevant or admissible evidence. NATRACEUTICAL will answer only to the extent that the Interrogatory seeks information within the scope of MARS' Preliminary Injunction Papers.

    4.       NATRACEUTICAL objects to each and every Interrogatory to the extent that the Interrogatory is premature, overly broad, unduly burdensome, designed to harass Defendant and/or would require undue expense to answer.

5.     NATRACEUTICAL objects to each and every Interrogatory to the extent that the Interrogatory seeks legal conclusions and/or ultimate factual determinations.

6.     NATRACEUTICAL objects to each and every Interrogatory to the extent that the Interrogatory calls for the production of proprietary and confidential business information of NATRACEUTICAL. Pending entry of a suitable protective order, NATRACEUTICAL's responses containing proprietary and confidential business information shall be restricted to outside attorneys of record only.

7.     NATRACEUTICAL objects to each and every Interrogatory to the extent that the Interrogatory, Definitions and/or Instructions, individually and/or collectively, seek to impose requirements or obligations on NATRACEUTICAL in addition to or different from those imposed by law, the Federal Rules of Civil Procedure, or the applicable local rules. In answering each Interrogatory, NATRACEUTICAL will provide only such information as is required and proper under said laws and Rules.

8.     NATRACEUTICAL objects to each and every Interrogatory to the extent that the Interrogatory seeks information subject to a third party confidentiality agreement between NATRACEUTICAL on the one hand and another party on the other hand, or to the extent that the Interrogatory seeks information with respect to which the consent of any third party or any governmental officer or agency must be obtained prior to its disclosure. To the extent that third party confidentiality issues are resolved, NATRACEUTICAL will provide responsive answers.

9.     NATRACEUTICAL objects to each and every Interrogatory to the extent that the Interrogatory seeks information that is not in the possession, custody or control of NATRACEUTICAL. Further, NATRACEUTICAL objects to these Interrogatories to the extent

CONTAINS NATRACEUTICAL HIGHLY
CONFIDENTIAL INFORMATION
OUTSIDE COUNSEL EYES ONLY

4

that they seek information from entities or individuals not a party to this litigation, which information is not in the possession, custody, or control of NATRACEUTICAL.

10.      Specific objections are sometimes noted in each response, where applicable, without waiver of the General Objections. The assertion of certain General Objections as specific objections in response to some Interrogatories and not others does not waive the General Objections. Further, whether stated in a response or not, to the extent that a response is provided in spite of an objection, such response does not waive the objections made and NATRACEUTICAL expressly reserves the right to make such objections at a later date. The presence or absence of any general or specific objections to any response does not mean that NATRACEUTICAL does not object upon any other grounds.

11.      To the extent that NATRACEUTICAL provides information in response to these Interrogatories, NATRACEUTICAL does not concede that the information provided is relevant to this action or any issue properly raised. NATRACEUTICAL expressly reserves the right to object to further discovery into the subject matter of such Interrogatory and the introduction into evidence of any information, document, thing, or portion thereof.

12.      NATRACEUTICAL objects to each and every Interrogatory to the extent that the Interrogatory is vague, ambiguous, incomprehensible, not capable of being answered because of undefined or ill-defined terms or incorrect factual assumptions, and/or purporting to define words differently from their ordinary dictionary definitions. In its responses, NATRACEUTICAL's acceptance of MARS' Definitions is solely for the purposes of complying with the present Interrogatories and in no way constitutes an admission of the meaning of the terms defined therein.

CONTAINS NATRACEUTICAL HIGHLY
CONFIDENTIAL INFORMATION
OUTSIDE COUNSEL EYES ONLY

5

13.     NATRACEUTICAL objects to each and every Interrogatory to the extent that the
Interrogatory seeks "any" and/or "all" information responsive to the Interrogatory on the grounds
that such interrogatory is overly broad, unduly burdensome, oppressive and not reasonably
calculated to lead to the discovery of admissible evidence. Subject to these objections,
NATRACEUTICAL will respond with all information within its possession, custody, or control,
based on an examination of its personnel and files reasonably expected to yield responsive
information.

14.     NATRACEUTICAL objects to each and every Interrogatory to the extent that the
Interrogatory calls for information concerning NATRACEUTICAL's products neither
manufactured, used, offered for sale, or sold in the United States, nor imported into the United
States, and NATRACEUTICAL's activities outside the United States with respect to such
products, on the ground that each such request calls for information neither relevant to the
subject matter of the pending action nor is reasonably calculated to lead to the discovery of
admissible evidence, and is therefore overly broad, unduly burdensome and oppressive.

15.     NATRACEUTICAL objects to each and every Interrogatory calling for
information and identification of documents on the ground that each such interrogatory is unduly
burdensome and oppressive, to the extent that the Interrogatories seek such large volumes of
information that, even though the information may be entirely or largely ascertainable from
documents and records within NATRACEUTICAL's possession, custody or control, it would
take NATRACEUTICAL and its counsel an unreasonable amount of time to provide a complete
written response. In such instances, MARS, upon inspection of such documents and records,
could ascertain and/or compile the requested information just as readily as NATRACEUTICAL

CONTAINS NATRACEUTICAL HIGHLY
CONFIDENTIAL INFORMATION
OUTSIDE COUNSEL EYES ONLY

and its counsel. NATRACEUTICAL thus reserves the right to produce documents from which the requested information can be ascertained, or in lieu of identifying documents where such identification is requested, as a partial or complete response to any Interrogatory.

16.    NATRACEUTICAL objects to the Interrogatories because they exceed the maximum number of five interrogatories authorized by the Court's April 26, 2007 Order on Informal Application, when all parts and subparts are counted. NATRACEUTICAL will only respond to five interrogatories.

17.    NATRACEUTICAL objects to the following paragraphs contained in the DEFINITIONS:

> a.    NATRACEUTICAL objects to Paragraph 2 ("Defendant" or "Natraceutical") as being overly broad, unduly burdensome and oppressive, on the grounds that it includes undefined entities, such as "any of its present and past affiliates, parents, predecessors, successors, divisions, related entities, subsidiaries, and any past or present partners, members, directors, officers, employees, agents, representatives, consultants, and attorneys."
>
> b.    NATRACEUTICAL objects to Paragraph 10 as being overly broad and unduly burdensome to the extent that it defines "patents-in-suit" as including any patent that has not been asserted in the Complaint and MARS' Preliminary Injunction Papers. For purposes of responding to these Interrogatories, NATRACEUTICAL interprets "patents-in-suit" to mean only U.S. Patent Nos. 6,312,753 and 6,790,966.

CONTAINS NATRACEUTICAL HIGHLY
CONFIDENTIAL INFORMATION
OUTSIDE COUNSEL EYES ONLY

c. NATRACEUTICAL objects to Paragraph 11 as being vague and ambiguous in its definition of "all polyphenol compound", and to MARS' inconsistent and confusing use of the same or similar terms, such as "polyphenol" and "procyanidin" in connection with MARS' Preliminary Injunction Papers, the '753 Patent, and the '966 Patent.

d. NATRACEUTICAL objects to Paragraph 12 as being overly broad, unduly burdensome, and oppressive to the extent that it defines "Cocoa Polyphenol Product(s)" as "any product" that contains, includes or consists of Cocoa Polyphenols, or ingredients, powders or extracts containing Cocoa Polyphenols, including any accused product. Such a definition reads on cocoa products, such as cocoa powders that have been manufactured and sold for decades. For purposes of responding to these Interrogatories and without ascribing any legal meaning to the language, "Cocoa Polyphenol Product(s)" is construed to mean cocoa products having some conserved level of polyphenols, as agreed between counsel during the telephone conference of May 24, 2007.

e. NATRACEUTICAL objects to Paragraph 13 as being overly broad and unduly burdensome to the extent that it defines "Cocoa Polyphenol Process(es)" as "all processes or practices."

f. NATRACEUTICAL objects to Paragraph 14 as being overly broad and unduly burdensome, and oppressive to the extent that it defines "accused product(s)", "infringing product(s)" or "CocoanOX" as including any "other

Cocoa Polyphenol Product", products not the subject of MARS' Preliminary

Injunction Motion, and products made, used, sold, or offered for sale outside

the United States.

CocoanOX 70 within the United States.

Responsive non-privileged documents sufficient to permit MARS to determine additional responsive information as readily as NATRACEUTICAL will be produced, pursuant to Fed. Civ. R. 33(d).

NATRACEUTICAL reserves the right to amend, supplement and/or alter this response as discovery progresses.

## INTERROGATORY NO. 2:

> For each product you identify in response to Interrogatory No. 1 that you contend does not infringe the claims of the patents-in-suit as alleged in the Complaint and in Mars' Memorandum in Support of Its Application for An Order to Show Cause for Preliminary Injunction, set forth in detail the basis for your non-infringement contentions, including without limitation: (a) your claim construction and the basis therefore of each element or term as to which you disagree with Mars' proffered construction, (b) each claim element that you allege is absent from each accused product or otherwise not covered by the claim; (c) whether each such specific claim element is missing literally or under the doctrine of equivalents, or both; (d) each statement, amendment, disclaimer or argument upon which you base any assertion of estoppel as to claim scope; and (e) the identities of persons with knowledge of such matters who you *may* call at the preliminary injunction hearing.

## RESPONSE TO INTERROGATORY NO. 2:

In addition to the General Objections 1-17, NATRACEUTICAL objects to the Interrogatory as being a multiple and compound request constituting more than one interrogatory. NATRACEUTICAL also objects to the Interrogatory to that extent it calls for legal conclusions. NATRACEUTICAL further objects to the Interrogatory on the ground that such contention interrogatories are premature at this stage of the case, especially because MARS bears the burden of proof of its infringement allegations and because the Interrogatory calls for

CONTAINS NATRACEUTICAL HIGHLY
CONFIDENTIAL INFORMATION
OUTSIDE COUNSEL EYES ONLY

11

information which will be the subject of expert testimony and expert discovery. In addition, the

Court has not construed the language of the asserted claims of the '966 Patent and the '753

Patent. Further, NATRACEUTICAL objects to the Interrogatory as specifically calling for

information covered by the attorney-client privilege and the attorney-work product doctrine.

Subject to and without waiving the general and specific objections, after receiving

MARS' infringement contentions in its affirmative expert report(s), NATRACEUTICAL will set

forth its non-infringement contentions in its responsive expert report(s) and in its opposition to

MARS' Preliminary Injunction Motion in accordance with the Court's April 26, 2007 Order for

Informal Application.

Additionally, NATRACEUTICAL will produce, pursuant to Fed. Civ. R. 33(d), non-

privileged documents upon which NATRACEUTICAL may rely to establish that

NATRACEUTICAL does not infringe the asserted claims of the patents-in-suit. Further,

regarding identities of persons with factual knowledge of the accused products and their

manufacture, NATRACEUTICAL has complied with the disclosure requirements of Rule

26(a)(1) and incorporates its Initial Disclosures by reference into this response.

NATRACEUTICAL reserves the right to amend, supplement and/or alter this response as

discovery progresses.

**INTERROGATORY NO. 3:**

> State the basis of your contentions that the patents-in-suit are invalid for
> failure to meet statutory or judicially-created requirements for patentability
> and enforceability or are otherwise unenforceable, including without
> limitation: (a) an identification of any statutory, regulatory or judicial basis for
> each of your contentions, (b) an identification of any prior art that refers to
> relates to or upon which you rely for each of your contentions, (c) a description
> of how or why a claim is invalid or unenforceable or how or why any prior art

CONTAINS NATRACEUTICAL HIGHLY
CONFIDENTIAL INFORMATION
OUTSIDE COUNSEL EYES ONLY

12

to Fed. Civ. R. 33(d). In addition, regarding identities of persons with factual information,

NATRACEUTICAL has complied with the disclosure requirements of Rule 26(a)(1) and

incorporates its Initial Disclosures by reference into this response. Investigation continues.

    NATRACEUTICAL reserves the right to amend, supplement and/or alter this response as

discovery progresses.

DATE: June 5, 2007                    As to objections:
                                      SUGHRUE MION, PLLC

                                      By:_____
                                      Mark Boland
                                      Gordon Kit
                                      Raja Saliba
                                      SUGHRUE MION, PLLC
                                      2100 Pennsylvania Ave. NW
                                      Washington, DC 20037
                                      Telephone:    (202) 293-7060
                                      Facsimile:    (202) 293-7860

                                      Allyn Z. Lite
                                      Michael Patunas
                                      LITE DEPALMA GREENBERG & RIVAS, LLC
                                      Two Gateway Center, 12th Floor
                                      Newark, NJ 07102
                                      Tel. 973-623-3000
                                      Fax 973-623-1190

                                      *Attorneys for Defendant*
                                      Natraceutical, S.A.

**CONTAINS NATRACEUTICAL HIGHLY**
**CONFIDENTIAL INFORMATION**
**OUTSIDE COUNSEL EYES ONLY**

**VERIFICATION**

I, Jose Vicente Pons Andreu, am Chief Executive Officer of NATRACEUTICAL

and am authorized to make this verification on its behalf. I do hereby verify that certain of

the matters stated in the foregoing NATRACEUTICAL'S RESPONSES AND

OBJECTIONS TO PLAINTIFF MARS, INC.'S INTERROGATORIES TO DEFENDANT

NATRACEUTICAL S.A. REGARDING PRELIMINARY INJUNCTION ISSUES are not

within my personal knowledge; that the facts therein have been assembled by authorized

employees and counsel of NATRACEUTICAL; that the responses set forth therein, subject

to inadvertent and undiscovered errors, are based upon and therefore necessarily limited by

the records and information still in existence, presently recollected, and thus far discovered

in the course of preparation of those responses; and consequently NATRACEUTICAL

reserves the right to make any changes in the responses if it appears at any time that

omissions or errors have been made therein or that more accurate information is available;

and that subject to the limitations set forth herein, the said responses are true and correct to

the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct and that this
verification was executed on June 5, 2007 at Natraceutical S.A., Corporate Headquarters,
Plaza de América, 2-9a planta, 46004, Valencia Spain.

_____
Jose Vicente Pons Andreu

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, BAIN, GILFILLAN,
 CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, NJ 07068
Telephone: 973.994.1700
Facsimile: 973.994.1744

Kenneth J. Jurek
Daniel N. Christus
Stephen T. Scherrer
Linda A.O. Lamberson
McDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

ATTORNEYS FOR MARS, INC.

| | |
|---|---|
| MARS, INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:07-CV-1574 (SRC) |
| | ) |
| vs. | ) |
| | ) |
| NATRACEUTICAL, S.A., | ) **MARS INC.'S FIRST SET OF** |
| | ) **REQUESTS FOR ADMISSION** |
| Defendant. | ) **TO NATRACEUTICAL, S.A.** |
| | ) |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff, Mars, Inc.,

("Mars"), by its attorneys, hereby requests that Defendant, Natraceutical S.A. ("Natraceutical"),

admit, for the purposes of this action, the truth of the following statements within thirty (30) days

hereof.

## DEFINITIONS

The definitions set forth in Mars, Inc.'s Interrogatories to Defendant Natraceutical S.A.

Regarding Preliminary Injunction Issues shall apply to these Requests for Admission.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that Cocoanox 12 includes, as a component, one or more polyphenols.

**RESPONSE:**

**REQUEST NO. 2:**

Admit that Cocoanox 45 includes, as a component, one or more polyphenols.

**RESPONSE:**

**REQUEST NO. 3:**

Admit that Cocoanox 12 includes, as a component, one or more monomers.

**RESPONSE:**

**REQUEST NO. 4:**

Admit that Cocoanox 45 includes, as a component, one or more monomers.

**RESPONSE:**

**REQUEST NO. 5:**

Admit that Cocoanox 12 includes, as a component, one or more oligomers.

2

**RESPONSE:**

**REQUEST NO. 6:**

Admit that Cocoanox 45 includes, as a component, one or more oligomers.

**RESPONSE:**

**REQUEST NO. 7:**

Admit that Cocoanox 12 includes, as a component, epicatechin.

**RESPONSE:**

**REQUEST NO. 8:**

Admit that Cocoanox 45 includes, as a component, epicatechin.

**RESPONSE:**

**REQUEST NO. 9:**

Admit that Cocoanox 12 includes, as a component, catechin.

**RESPONSE:**

**REQUEST NO. 10:**

Admit that Cocoanox 45 includes, as a component, catechin.

**RESPONSE:**

3

**REQUEST NO. 11:**

Admit that Cocoanox 12 includes, as a component, one or more dimers.

**RESPONSE:**

**REQUEST NO. 12:**

Admit that Cocoanox 45 includes, as a component, one or more dimers.

**RESPONSE:**

**REQUEST NO. 13:**

Admit that Cocoanox 12 includes, as a component, one or more trimers.

**RESPONSE:**

**REQUEST NO. 14:**

Admit that Cocoanox 45 includes, as a component, one or more trimers.

**RESPONSE:**

**REQUEST NO. 15:**

Admit that Cocoanox 12 includes, as a component, one or more tetramers.

**RESPONSE:**

**REQUEST NO. 16:**

Admit that Cocoanox 45 includes, as a component, one or more tetramers.

4

**RESPONSE:**

**REQUEST NO. 17:**

     Admit that Cocoanox 12 includes, as a component, one or more pentamers.

**RESPONSE:**

**REQUEST NO. 18:**

     Admit that Cocoanox 45 includes, as a component, one or more pentamers.

**RESPONSE:**

**REQUEST NO. 19:**

     Admit that Cocoanox 12 includes, as a component, one or more hexamers.

**RESPONSE:**

**REQUEST NO. 20:**

     Admit that Cocoanox 45 includes, as a component, one or more hexamers.

**RESPONSE:**

**REQUEST NO. 21:**

     Admit that Cocoanox 12 includes, as a component, one or more heptamers.

**RESPONSE:**

**REQUEST NO. 22:**

Admit that Cocoanox 45 includes, as a component, one or more heptamers.

**RESPONSE:**


**REQUEST NO. 23:**

Admit that Cocoanox 12 includes, as a component, one or more octamers.

**RESPONSE:**


**REQUEST NO. 24:**

Admit that Cocoanox 45 includes, as a component, one or more octamers.

**RESPONSE:**


**REQUEST NO. 25:**

Admit that Cocoanox 12 includes, as a component, one or more nonamers.

**RESPONSE:**


**REQUEST NO. 26:**

Admit that Cocoanox 45 includes, as a component, one or more nonamers.

**RESPONSE:**


**REQUEST NO. 27:**

Admit that Cocoanox 12 includes, as a component, one or more decamers.

**RESPONSE:**

**REQUEST NO. 28:**

Admit that Cocoanox 45 includes, as a component, one or more decamers.

**RESPONSE:**

**REQUEST NO. 29:**

Admit that Cocoanox 12 includes, as a component, one or more undecamers.

**RESPONSE:**

**REQUEST NO. 30:**

Admit that Cocoanox 45 includes, as a component, one or more undecamers.

**RESPONSE:**

**REQUEST NO. 31:**

Admit that Cocoanox 12 includes, as a component, one or more dodecamers.

**RESPONSE:**

**REQUEST NO. 32:**

Admit that Cocoanox 45 includes, as a component, one or more dodecamers.

**RESPONSE:**

**REQUEST NO. 33:**

Admit that Cocoanox 12 includes in excess of 50,000 micrograms of total cocoa procyanidin per gram of nonfat cocoa solids.

**RESPONSE:**

**REQUEST NO. 34:**

Admit that Cocoanox 12 includes in excess of 5,000 micrograms of total cocoa procyanidin pentamer per gram of nonfat cocoa solids.

**RESPONSE:**

**REQUEST NO. 35:**

Admit that the fat content of Cocoanox 12 is about 11%.

**RESPONSE:**

**REQUEST NO. 36:**

Admit that Cocoanox 12 is derived from cocoa beans.

**RESPONSE:**

**REQUEST NO. 37:**

Admit that Cocoanox 45 is derived from cocoa beans.

**RESPONSE:**

**REQUEST NO. 38:**

Admit that Cocoanox 45 is an extract of cocoa.

**RESPONSE:**


**REQUEST NO. 39:**

Admit that Cocoanox 12 is a cocoa powder.

**RESPONSE:**


**REQUEST NO. 40:**

Admit that Cocoanox 45 was obtained by solvent extraction of the polyphenols from a
ground cocoa bean.

**RESPONSE:**

Dated: May 18, 2007                    MARS, INC.

                                       By: _____
                                                One of Its Attorneys

John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, BAIN, GILFILLAN,
 CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, NJ  07068
Telephone:  973.994.1700
Facsimile:  973.994.1744

Kenneth J. Jurek
Daniel N. Christus
Stephen T. Scherrer
Linda A.O. Lamberson
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois  60606-5096

ATTORNEYS FOR MARS, INC.

## CERTIFICATE OF SERVICE

Kenneth J. Jurek, an attorney, hereby certifies that a copy of the foregoing **PLAINTIFF**

**MARS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO NATRACEUTICAL**

**S.A.** was served by e-mail and overnight delivery this 18th day of May, 2007 upon:

Mark Boland
Raja N. Saliba
Michael R. Dzwonczyk
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., NW
Washington, D.C.  20037

Allyn Z. Lite
Michael E. Patunas
Jason E. Macias
LITE, DEPALMA, GREENBERG & RIVAS, LLC
Two Gateway Center, 12th Floor
Newark, NJ  07102-5003

_____
Kenneth J. Jurek

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Allyn Z. Lite
Michael Patunas
LITE DEPALMA GREENBERG & RIVAS, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102
Tel. 973-623-3000
Fax 973-623-1190

Mark Boland
Gordon Kit
Raja Saliba
SUGHRUE MION, PLLC
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel. (202) 293-7060
Fax (202) 293-7860

*Attorneys for Defendant*
Natraceutical, S.A.

| | |
|---|---|
| MARS, INC. <br>                 Plaintiff, <br><br>     v. <br> NATRACEUTICAL, S.A. <br>                 Defendant. | Case No. 02:07-CV-01574 |
| NATRACEUTICAL, S.A. <br>               Counter-Plaintiff, <br><br>     v. <br> MARS, INC. <br>               Counter-Defendant. | **NATRACEUTICAL'S OBJECTIONS TO MARS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO NATRACEUTICAL, S.A.** |

       Defendant/Counter-Plaintiff Natraceutical, S.A., ("NATRACEUTICAL") objects

to Mars, Inc.'s ("MARS") First Set of Requests for Admission to Natraceutical, S.A.

("the Requests for Admission") as being inappropriate, not authorized and premature in

view of the Court's April 26, 2007 Order on Informal Application, and in violation of

¶(5) of the Court's April 27, 2007 Scheduling Order.  Accordingly, NATRACEUTICAL

will not respond to MARS' Requests for Admission, except to incorporate by reference

1

its objections to the MARS' definitions set forth in the Responses and Objections to

Mars, Inc.'s Interrogatories to Defendant Natraceutical S.A. Regarding Preliminary

Injunction Issues and in the Responses and Objections to Mars, Inc.'s First Requests for

Production of Documents and Things to Defendant Natraceutical S.A.


Date: June 18, 2007                SUGHRUE MION, PLLC

                                   By: _Mark Boland_

                                   Mark Boland
                                   Gordon Kit
                                   Raja Saliba
                                   SUGHRUE MION, PLLC
                                   2100 Pennsylvania Ave. NW
                                   Washington, DC 20037
                                   Telephone:    (202) 293-7060
                                   Facsimile:    (202) 293-7860

                                   Allyn Z. Lite
                                   Michale Patunas
                                   LITE DEPALMA GREENBERG & RIVAS, LLC
                                   Two Gateway Center, 12th Floor
                                   Newark, NJ 07102
                                   Tel. 973-623-3000
                                   Fax 973-623-1190

                                   *Attorneys for Defendant*
                                   Natraceutical, S.A.

2

## CERTIFICATE OF SERVICE

   I hereby certify that on this 18th day of June, 2007, true and correct copies of the foregoing *NATRACEUTICAL'S OBJECTIONS TO MARS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO NATRACEUTICAL, S.A.* were served on counsel for the parties as follows:

By: E-Mail and Overnight Courier:

     John M. Agnello
     CARELLA, BRYNE, BAIN, GILFILLAN, CECCHI, STEWART
     & OLSTEIN
     5 Becker Farm Rd.
     Roseland, NJ 07068

     Kenneth J. Jurek
     MCDERMOTT WILL & EMERY LLP
     227 West Monroe Street, Suite 4400
     Chicago, IL 60606-5096

            *Mark Boland*