**RECEIVED**

UNITED STATES DISTRICT COURT      JUL 2 6 2007
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK

|  |  |
|---|---|
| MARS, INC., | ) |
|  | ) |
| Plaintiff, | )  Civil Action No. 2:07-CV-1574 (SRC) |
|  | ) |
| vs. | ) |
|  | ) |
| NATRACEUTICAL, S.A., | )  DISCOVERY CONFIDENTIALITY ORDER |
|  | ) |
| Defendant. | ) |
|  | ) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Discovery Confidentiality Order ("Protective Order" or "Order") to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Accordingly, the following procedures shall be employed and the following restrictions shall govern disclosure of confidential proprietary information of the type contemplated by F.R.C.P. 26(c), and, unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation and following conclusion of this litigation to the extent specified in this Order; *and for the reasons set forth on the record on July 23, 2007, and the Court further finding* ~~In support of this Order, the Court finds that:~~



1.      In accordance with this Order, each party shall have the right to designate certain Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as defined herein, in accordance with this Order. The designation of any Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

2.      Subject to this Order, each party shall have the right to designate as "CONFIDENTIAL" and subject to this Order any and all documents, information or other

materials which a designating party reasonably believes to be of a proprietary business, financial, scientific or technical nature that are not readily available or known to the public. Any documents, answers to interrogatories or document requests, deposition testimony and transcripts, responses to requests for admissions, or any other material in paper or electronic form (hereinafter "Material") provided by a party ("Producing Party") to the other party ("Receiving Party") during the pendency of this proceeding which contains "CONFIDENTIAL" information may be designated and marked, in whole or in part, "CONFIDENTIAL" by counsel for the party producing such Material by stamping or otherwise labeling each page or thing containing "CONFIDENTIAL" information with the legend "CONFIDENTIAL" prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the Receiving Party that the information shall be considered "CONFIDENTIAL" under this Order. Any Materials designated "CONFIDENTIAL", along with any Materials created by the Receiving Party, which include such Materials or any portion of such Materials, including copies, abstracts, summaries or information derived therefrom, or notes or other records, shall be hereinafter referred to as "CONFIDENTIAL Material." Such CONFIDENTIAL Material shall be used only for purposes directly related to this proceeding (including all appeals) and for no other purpose whatsoever.

3. CONFIDENTIAL Material shall only be revealed to or used by (a) a party to this case, including in house counsel, officers and executives on a need to know basis; (b) outside counsel of record for the parties to this case, including said counsels' partners or associate attorneys, legal assistants and/or paralegals and stenographic and clerical employees (including shorthand reporters) who become involved with this proceeding, and the following attorneys from Natraceutical's outside counsel in Spain: Teresa Marin, Dulce Miranda and Alberto Garcia of the Garrigues law firm, including said counsels' legal assistants and/or paralegals and clerical

employees; (c) any technical and/or financial experts employed or retained by a party or its attorneys in connection with this proceeding pursuant to the limitations set forth in Paragraph 5(b); (d) outside document copy services, translators and interpreters, trial graphic consultants and jury trial consultants retained by counsel of record to aid in discovery and the preparation of trial; and (e) the Court (including any appellate court), persons employed by the Court, the jury, or court reporters transcribing the testimony or argument at a hearing, trial, or deposition in the Action or any appeal therefrom.

    4.       Subject to this Order, each party shall have the right to designate as "HIGHLY CONFIDENTIAL" and subject to this Order any and all documents, information or other Materials, which a Producing Party deems especially sensitive. Such designation may only be used for: (1) trade secrets; (2) research and development, manufacturing, operational or other highly sensitive scientific or technical information; (3) highly sensitive business related information, such as customer, supplier, financial or marketing information, business strategy, business leads, costs of products purchased, sales prices of products sold, margins, profits or losses generated from sales of goods; and (4) any other information that the Producing Party believes to be competitive business information or that relates to competitive decision making to which the other party would not have access but for this litigation (collectively, "HIGHLY CONFIDENTIAL Material"). As to documents produced to the opposing party in the course of this case, this designation shall be made by stamping or otherwise labeling each page or thing containing HIGHLY CONFIDENTIAL Material with the legend "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the Receiving Party that the information shall be considered HIGHLY CONFIDENTIAL under this Order.

5.  To the extent that Material is so marked HIGHLY CONFIDENTIAL, such Material shall only be revealed to or used by Qualified Persons as identified in Paragraph 6 hereof and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Order. Any Materials or portions of such Materials created by the Receiving Party, which include HIGHLY CONFIDENTIAL Materials, including copies, abstracts, summaries or information derived therefrom, or notes or other records, shall also be deemed HIGHLY CONFIDENTIAL and the same terms regarding confidentiality of these Materials shall apply as apply to the originals, and shall hereinafter be referred to as HIGHLY CONFIDENTIAL Material. Such HIGHLY CONFIDENTIAL Material shall be used only for purposes directly related to this proceeding (including all appeals), and for no other purpose whatsoever.

6.  As used herein, the term "Qualified Persons" means:

(a)  Outside counsel of record for the parties to this case, including said counsels' partners or associate attorneys, legal assistants and/or paralegals and stenographic and clerical employees (including shorthand reporters) who become involved with this proceeding, and, upon the *pro hac vice* admission in this case of a partner from the New York office of the Garrigues law firm, the following attorneys from the Garrigues law firm in Spain: Teresa Marin and Dulce Miranda; however, any such persons who have been or will be exposed to HIGHLY CONFIDENTIAL Material agrees that he or she is not prosecuting, and for a period of one year following the conclusion of this litigation (including any appeals) will not prosecute, patent applications for the respective party directly or indirectly (such as by preparing, reviewing, discussing or commenting on drafts of patent applications, amendments, and proposed claims, or participating in filing strategies), or disclose any such HIGHLY CONFIDENTIAL information to those who prosecute patent applications for the respective party, relating to (1) cocoa

4

(d) The Court (including any appellate court), persons employed by the Court, the jury, or court reporters transcribing the testimony or argument at a hearing, trial, or deposition in the Action or any appeal therefrom.

7. Each person designated in subsection (b) of Paragraph 6 shall agree to hold such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Material in confidence pursuant to the terms of this Order, and, at least five (5) business days prior to disclosure to such person of such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Material, shall be required to sign and provide to the Producing Party a Confidentiality Undertaking in the form as follows:

> I (<u>undersigned</u>) have read the Discovery Confidentiality Order entered in this proceeding and confirm that: (1) I shall fully abide by the terms thereof, (2) I shall not disclose the Confidential or Highly Confidential Material to or discuss the Confidential or Highly Confidential Material with any person who is not authorized pursuant to the terms of said Order to receive the disclosure thereof, (3) I shall not use such Confidential or Highly Confidential Material for any purpose other than for the purposes of this proceeding; and (4) I understand that I am subject to the jurisdiction of the Court for enforcement of this undertaking.

8. [RESERVED]

9. The restriction on the use of information protected by this Order is applicable only to the use by a party of information received from an adverse party or third party. A party is free to exercise its full rights with respect to documents, information and other things it produces.

10. Acceptance by a party of any information, document, or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a concession that the information, document or thing is CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

11. Any Receiving Party may contest a claim of confidentiality at any time. Failure of either party to expressly challenge a designation shall not constitute a waiver of the right to

assert at a subsequent time that the designated information or Material is not in fact confidential or that the designation is not appropriate for any reason.

(a) Any Receiving Party disagreeing with the designation of any information or Material received from the Producing Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL, and desiring disclosure or partial disclosure of that information or Material other than is permitted in this Order, may request in writing that the Producing Party change the designation, stating the reasons therefore, as to a specific document or file, in that request. The Producing Party shall then have five (5) court days from the date of receipt of the notification to:

i. advise the Receiving Party whether or not it will change the designation; and

ii. advise the Receiving Party, if it will not change the designation, of the reasons supporting its refusal.

(b) If the Producing Party denies a request and the Receiving Party contends that the reasons proffered for the refusal under Paragraph 11 do not justify the designation, the Receiving Party may then apply to the Court by way of a joint letter as required by the Pretrial Scheduling Order for an order removing or changing the designation; provided, however, that no disclosure of designated information or Material shall be made prior to resolution by the parties, or an order by the Court permitting such disclosure. The burden of proving that the designation is proper shall be on the Producing Party.

12. The restrictions on the disclosure, use or handling of information contained in this Order shall not apply, and requests to change confidentiality designations shall be granted, if the information meets any one or more of the following criteria:

(a) the information in question is or becomes generally and readily accessible to the public through means that are not a violation of this Order; or

7

therefrom before disclosing such Material to any person not permitted to view it under this Order.

15. Deletions or redactions made from any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material in accordance with the terms of this Order shall not affect the admissibility of any such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material into evidence in this proceeding.

16. ~~If CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is to be made of record in this action, it shall be submitted to the Court under seal in accordance with Local Civil Rule 5.3 of the Court and the Case Management/Electronic Case Filing System (CM/ECF) as updated from time to time.~~ Any request to seal information submitted in connection with a request for nondiscovery relief shall be made via a formal motion in accordance with Local Civ R 5.3. The parties shall contact the Chambers of the Undersigned for further direction before filing the motion. Designations of "Confidential" and "Highly Confidential" under this order alone is not a basis to request sealing.

17. Inadvertent failure by a Producing Party to designate documents CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be handled as follows:

   (a) In the event that a Producing Party inadvertently fails to designate any of its information pursuant to this Order, it may later so designate by notifying the Receiving Party in writing. The Receiving Party shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

   (b) It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

18. In the event of an inadvertent disclosure of another party's CONFIDENTIAL or HIGHLY CONFIDENTIAL information, the party making the inadvertent disclosure shall, upon learning of the disclosure:

   (a) promptly notify the person to whom the disclosure was made that it contains CONFIDENTIAL or HIGHLY CONFIDENTIAL information subject to this Order;

9

21. Any third party producing documents or things or giving testimony in this litigation pursuant to a subpoena, notice or request may designate said documents, things, or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The parties agree that they will treat CONFIDENTIAL or HIGHLY CONFIDENTIAL Material produced by third parties according to the terms of this Order.

22. In the event that any person or party having possession, custody or control of any information covered by this Order receives a subpoena or other process order to produce such information, that person or party shall promptly:

(a) *unless otherwise precluded by law or court order,* notify in writing the attorneys of record of the party claiming confidential treatment of the item, document, information or Material sought by such subpoena or process order prior to the deadline for complying with the subpoena or responding to the document demand;

(b) *unless otherwise precluded by law or court order,* furnish those attorneys of record with a copy of said subpoena or process order; and

(c) provide reasonable cooperation with respect to any procedure to protect such information or Material as may be sought by the party whose interests may be affected. *Nothing herein precludes timely compliance with a governmental subpoena or court order.*

23. No compulsory disclosure to third parties of Material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

24. After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

25. Within sixty (60) days after this proceeding is finally completed, including all appeals, counsel for all parties shall either return all CONFIDENTIAL or HIGHLY CONFIDENTIAL Material and copies thereof to the Producing Party, or certify in writing that

11

all such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material and copies have been destroyed. Counsel shall be responsible for ensuring that any experts who have received CONFIDENTIAL or HIGHLY CONFIDENTIAL Material have either returned it to the Producing Party or certified that such CONFIDENTIAL or HIGHLY CONFIDENTIAL Material has been destroyed.

26. ~~By signing below,~~ The parties ~~agree as between~~ are themselves ~~to~~ be immediately and ~~mutually~~ bound by all of the obligations and restrictions applicable to them as set forth herein, until such time as it is superseded by ~~this particular Order is entered and/or superseded by~~ the Court, or any reviewing court, in its present form. Each party also agrees to submit an affidavit/certification in support of this Order to the Court in compliance with Local Civil Rule 5.3(b)(2). The entry of this Order shall not preclude any party from requesting revision thereof for good cause shown upon motion to the Court.

SO ORDERED this 26th day of July, 2007.

_____
Honorable Patty Shwartz, U.S.M.J.

12