# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

John M. Agnello
Melissa E. Flax
CARELLA, BYRNE, BAIN, GILFILLAN,
 CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, NJ 07068
Telephone: 973.994.1700
Facsimile: 973.994.1744

Kenneth J. Jurek
Daniel N. Christus
Stephen T. Scherrer
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

ATTORNEYS FOR MARS, INC.

| | |
|---|---|
| MARS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NATRACEUTICAL, S.A., <br><br> Defendant. | Civil Action No. 2:07-CV-1574 (SRC) <br><br> **FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, Mars, Inc., ("Mars") complains of the Defendant, Natraceutical, S.A., ("Natraceutical") as follows:

## PARTIES

1.    Mars is a Delaware corporation, having a place of business located at 800 High Street, Hackettstown, New Jersey 07840.

2.   Mars is one of the world's top producers of chocolate and is a leading global manufacturer of various name brand food products. Mars has a strong commitment to research including decades invested in studying different aspects of cocoa. As a result, Mars is recognized as a global leader in cocoa science.

3.   One aspect of Mars research has focused on polyphenol substances that naturally occur in the cocoa bean. Cocoa polyphenols include flavanols, and thus, cocoa polyphenols are sometimes referred to as cocoa flavanols. For more than fifteen (15) years, Mars has led the exploration of the medical benefits of polyphenols, as evidenced by the more than 100 peer-reviewed research publications by Mars scientists and their university partners. This work has received special recognition in the medical-science community, with recent work being identified as one of the major advancements in cardiovascular research in 2005 by the Journal of the American College of Cardiology. Much of the excitement and energy in this field today stems from the findings of Mars' scientists and their university partners that certain cocoa polyphenol-rich preparations have the potential to prevent and/or treat health conditions that are leading causes of death and disability around much of the world, such as cardiovascular disease, diabetes, dementia, and many other issues of health that are dependent on vascular health and blood flow.

4.   Mars' scientists have developed novel ways to measure and characterize polyphenol content in foods, as well as novel cocoa post-harvesting and processing procedures and technologies which help maximize the amount of polyphenols available in a variety of formats. These include cocoa powders and extracts used as food product ingredients. The patented processes and products are commercialized by Mars under the Cocoapro® trademark, and Cocoapro® powder is the most studied cocoa in the world in terms of health impact. Mars

vast investment of time and resources has also enabled it to manufacture products such as Dove® chocolate and CocoaVia® products that retain exceptional sensory characteristics while delivering measurable effects on vascular health because of their enriched polyphenol content.

5.  Defendant, Natraceutical, S.A., ("Natraceutical") is a company existing under the laws of Spain, with its principal place of business located at Autovía A3, Exit 343, Camí de Torrent, s/n. 46930 Quart de Poblet, Valencia, Spain. Natraceutical is a part of Natra S.A. Natraceutical is engaged in extracting active compounds from natural products. Natraceutical has commenced offering to sell, selling and importing into the United States cocoa powders and cocoa extracts under the name CocoanOX, with various concentrations of polyphenols. Natraceutical's CocoanOX powders and extracts infringe various Mars' patents as alleged below. Upon information and belief, those CocoanOX powders and extracts are known as CocoanOX 12, 30, 45 and 70.

6.  Natraceutical's CocoanOX powders and extracts are readily available for purchase in the United States. Natraceutical has sold and continues to sell and offers to sell its CocoanOX powders and extracts to persons who utilize them in the manufacture of products sold to consumers.

7.  CocoanOX powders and extracts are not staple articles of commerce that are suitable for any substantial non-infringing use. Indeed, products that incorporate CocoanOX powders and extracts directly infringe various claims of Mars patents as alleged below.

8.  Natraceutical, without authority, imports into the United States and offers to sell and sells in the United States its CocoanOX powders and extracts which are made by a process patented in the United States by Mars.

## NATURE OF THE CASE

9.  Mars has obtained more than 30 patents resulting from its work on cocoa polyphenols, with many related to cocoa powder and extract products and processes. Mars has been the leader in developing a market for products containing high levels of cocoa polyphenols and in educating the public of the benefits of cocoa polyphenols. In disregard of Mars rights, in an attempt to free ride in markets created by Mars, and following a course of action that threatens to destroy the strong science-backed reputation enjoyed by Mars' cocoa polyphenol brands and products, Natraceutical has introduced and sold in the United States CocoanOX products that are covered by claims of various Mars' patents. These CocoanOX products have been employed by third parties in the manufacture of products that infringe other Mars' patents and that divert sales from Mars' products. This lawsuit is brought to redress Natraceutical's willful infringement of the Mars patents and the undermining of Mars' plans and efforts to benefit from the fruits of its labor through its vast research investment.

## JURISDICTION AND VENUE

10.  This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.* This Court has jurisdiction under Title 28 U.S.C. §§ 1331, 1332 and 1338(a).

11.  Venue is proper in this District under Title 28 U.S.C. §§ 1391 and 1400(b), because, among other reasons, Natraceutical is subject to personal jurisdiction in this judicial district and has committed acts of willful infringement in this judicial district. Natraceutical has admitted that venue is proper in this district.

12.  Natraceutical has placed infringing products into the stream of commerce by shipping products into this judicial district or knowing that the products would be shipped into

this judicial district, and such products have been offered, used and sold in this judicial district. Natraceutical has admitted that this Court has subject matter and personal jurisdiction in this matter.

## Count I

### PATENT INFRINGEMENT OF U.S PATENT NO. 6,790,966

13. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-12 as though fully set forth herein as paragraph 13.

14. Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,790,966 which was duly and lawfully issued by the United States Patent and Trademark Office on September 14, 2004, entitled "Cocoa Extracts Containing Solvent Derived Cocoa Polyphenols From Defatted Cocoa Beans" ("the '966 patent"). A true and correct copy of the '966 patent is attached as Exhibit A and made a part hereof.

15. Natraceutical has infringed, and is currently infringing, the '966 patent in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and/or by inducement of and in concert with others, by making, using, selling, offering to sell in the United States, and/or importing into the United States, its CocoanOX extracts that embody the inventions of the '966 patent.

16. Upon information and belief, Natraceutical has had actual notice and knowledge of the '966 patent.

17. Natraceutical's infringement of the '966 patent has been and continues to be willful and intentional.

18. Mars has been injured and damaged monetarily and otherwise by Natraceutical's infringement of the '966 patent.

19.  Mars has been damaged by Natraceutical's infringing conduct and Natraceutical is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

WHEREFORE, Mars seeks relief as set forth in the Prayer for Relief, below.

### Count II

### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,312,753

20.  Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-12 as though fully set forth herein as paragraph 20.

21.  Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,312,753 which was duly and lawfully issued by the United States Patent and Trademark Office on November 6, 2001, entitled "Cocoa Components, Edible Products Having Enriched Polyphenol Content, Methods of Making Same And Medical Uses" ("the '753 patent"). A true and correct copy of the '753 patent is attached as Exhibit B and made a part hereof.

22.  Natraceutical has infringed, and is currently infringing, the '753 patent in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and/or by inducement of and in concert with others, by making, using, selling, offering to sell in the United States, and/or importing into the United States, its CocoanOX products that embody the patented inventions.

23.  Upon information and belief, Natraceutical has had actual notice and knowledge of the '753 patent.

24.  Natraceutical's infringement of the '753 patent has been and continues to be willful and intentional.

25.  Mars has been injured and damaged monetarily and otherwise by Natraceutical's infringement of the '753 patent.

6

26.     Mars has been damaged by Natraceutical's infringing conduct and Natraceutical is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

WHEREFORE, Mars seeks relief as set forth in the Prayer for Relief, below.

## Count III

### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,015,913

27.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-12 as though fully set forth herein as paragraph 27.

28.     Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,015,913 which was duly and lawfully issued by the United States Patent and Trademark Office on January 18, 2000, entitled "Method For Producing Fat And/Or Solids From Cocoa Beans" ("the '913 patent"). A true and correct copy of the '913 patent is attached as Exhibit C and made a part hereof.

29.     Natraceutical has infringed, and is currently infringing, the '913 patent in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily and/or by inducement of and in concert with others, by making, using, selling, offering to sell in the United States, and/or importing into the United States, its CocoanOX products that are made by the method of the '913 patent.

30.     Upon information and belief, Natraceutical has had actual notice and knowledge of the '913 patent.

31.     Natraceutical's infringement of the '913 patent has been and continues to be willful and intentional.

32. Mars has been injured and damaged monetarily and otherwise by Natraceutical's infringement of the '913 patent.

33. Mars has been damaged by Natraceutical's infringing conduct and Natraceutical is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

WHEREFORE, Mars seeks relief as set forth in the Prayer for Relief, below.

### Count IV

### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,372,267

34. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-12 as though fully set forth herein as paragraph 34.

35. Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,372,267 which was duly and lawfully issued by the United States Patent and Trademark Office on April 16, 2002, entitled "Foods Containing Cocoa Solids Having High Cocoa Polyphenol Contents" ("the '267 patent"). A true and correct copy of the '267 patent is attached as Exhibit D and made a part hereof.

36. Natraceutical has infringed, and is currently infringing, the '267 patent in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and/or by inducement of and in concert with others, by making, using, selling, offering to sell in the United States, and/or importing into the United States, its CocoanOX products that are incorporated in products comprising the patented inventions that are sold and offered for sale in the United States.

37. Natraceutical has sold infringing CocoanOx powders that have been used in the manufacture of third party products that directly infringe the '267 patent.

38. Upon information and belief, Natraceutical has had actual notice and knowledge of the '267 patent.

39. Natraceutical's infringement of the '267 patent has been and continues to be willful and intentional.

40. Mars has been injured and damaged monetarily and otherwise by Natraceutical's infringement of the '267 patent.

41. Mars has been damaged by Natraceutical's infringing conduct and Natraceutical is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

WHEREFORE, Mars seeks relief as set forth in the Prayer for Relief, below.

### Count V

### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,737,088

42. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-12 as though fully set forth herein as paragraph 42.

43. Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,737,088 which was duly and lawfully issued by the United States Patent and Trademark Office on May 18, 2004, entitled "Cocoa Extracts Prepared From Cocoa Solids Having High Cocoa Polyphenol Contents" ("the '088 patent"). A true and correct copy of the '088 patent is attached as Exhibit E and made a part hereof.

44. Natraceutical has infringed, and is currently infringing, the '088 patent in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and/or by inducement of and in concert with others, by making, using, selling, offering to sell in the United States, and/or importing into the United States, its CocoanOX extracts that embody the patented inventions.

9

45. Upon information and belief, Natraceutical has had actual notice and knowledge of the '088 patent.

46. Natraceutical's infringement of the '088 patent has been and continues to be willful and intentional.

47. Mars has been injured and damaged monetarily and otherwise by Natraceutical's infringement of the '088 patent.

48. Mars has been damaged by Natraceutical's infringing conduct and Natraceutical is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

WHEREFORE, Mars seeks relief as set forth in the Prayer for Relief, below.

### Count VI

### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,777,005

49. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-12 as though fully set forth herein as paragraph 49.

50. Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,777,005 which was duly and lawfully issued by the United States Patent and Trademark Office on August 17, 2004, entitled "Foods Containing A Cocoa Polyphenol Additive" ("the '005 patent"). A true and correct copy of the '005 patent is attached as Exhibit F and made a part hereof.

51. Natraceutical's CocoanOX powders and extracts are food additives.

52. Natraceutical has infringed, and is currently infringing, the '005 patent in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and/or by inducement of and in concert with others, by making, using, selling, offering to sell in the United States, and/or

importing into the United States, its CocoanOX products that are incorporated in foods comprising the patented inventions that are sold and offered for sale in the United States.

53. Natraceutical has sold infringing CocoanOx powders and extracts that have been used in the manufacture of third party products that directly infringe the '005 patent.

54. Upon information and belief, Natraceutical has had actual notice and knowledge of the '005 patent.

55. Natraceutical's infringement of the '005 patent has been and continues to be willful and intentional.

56. Mars has been injured and damaged monetarily and otherwise by Natraceutical's infringement of the '005 patent.

57. Mars has been damaged by Natraceutical's infringing conduct and Natraceutical is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

WHEREFORE, Mars seeks relief as set forth in the Prayer for Relief, below.

## Count VII

### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,905,715

58. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-12 as though fully set forth herein as paragraph 58.

59. Mars is the owner by assignment from certain of its employees of U.S. Patent No. 6,905,715 which was duly and lawfully issued by the United States Patent and Trademark Office on June 14, 2005, entitled "Cocoa Solids Having A High Cocoa Procyanidin Content" ("the '715 patent"). A true and correct copy of the '715 patent is attached as Exhibit G and made a part hereof.

60. Natraceutical has infringed, and is currently infringing, the '715 patent in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and/or by inducement of and in concert with others, by making, using, selling, offering to sell in the United States, and/or importing into the United States, its CocoanOX powders that embody the patented inventions.

61. Upon information and belief, Natraceutical has had actual notice and knowledge of the '715 patent.

62. Natraceutical's infringement of the '715 patent has been and continues to be willful and intentional.

63. Mars has been injured and damaged monetarily and otherwise by Natraceutical's infringement of the '715 patent.

64. Mars has been damaged by Natraceutical's infringing conduct and Natraceutical is therefore liable to Mars for actual damages suffered by Mars, and in no event less than a reasonable royalty, as well as treble damages.

WHEREFORE, Mars seeks relief as set forth in the Prayer for Relief, below.

## PRAYER FOR RELIEF

WHEREFORE, Mars prays for a judgment as follows:

A. That Natraceutical has infringed the '966 patent, the '753 patent, the '913 patent, the '267 patent, the '088 patent, the '005 patent, and the '715 patent;

B. That Natraceutical's infringement of the '966 patent, the '753 patent, the '913 patent, the '267 patent, the '088 patent, the '005 patent, and the '715 patent is willful;

C. That Natraceutical and its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Natraceutical be permanently enjoined from infringement of the '966

patent, the '753 patent, the '913 patent, the '267 patent, the '088 patent, the '005 patent, and the '715 patent under 35 U.S.C. § 283;

    D.    That Mars be awarded all damages adequate to compensate Mars for Natraceutical's infringement of the '966 patent, the '753 patent, the '913 patent, the '267 patent, the '088 patent, the '005 patent, and the '715 patent, and such damages be trebled under 35 U.S.C. § 284 and awarded to Mars with prejudgment interest;

    E.    That this case be adjudged an exceptional case under 35 U.S.C. § 285, and that Mars be awarded attorneys' fees, costs, and expenses incurred in this action; and,

    F.    That Mars be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by jury.

Dated: October 9, 2007

CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

By: _____
JOHN M. AGNELLO

5 Becker Farm Rd.
Roseland, NJ  07068
Telephone: 973.994.1700
Facsimile: 973.994.1744

Kenneth J. Jurek
Daniel N. Christus
Linda A.O. Lamberson
McDermott Will & Emery LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois  60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

ATTORNEYS FOR MARS, INC.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is not the subject matter of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: October 9, 2007

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

By: _____
JOHN M. AGNELLO

5 Becker Farm Rd.
Roseland, NJ 07068
Telephone: 973.994.1700
Facsimile: 973.994.1744

Kenneth J. Jurek
Daniel N. Christus
McDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606-5096
Telephone: 312.372.2000
Facsimile: 312.984.7700

ATTORNEYS FOR MARS, INC.